IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JESTER COLE McKINNEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. CIV 24-290-RAW-JAR |
| KYLE WATERS, et al., | ) ) ) |
| Defendants. | ) ) |

**OPINION AND ORDER**

Plaintiff Jester Cole McKinney, proceeding *in forma pauperis*, is a pro se prisoner who is incarcerated at the Sequoyah County Jail in Sallisaw, Oklahoma. He has filed this civil rights complaint pursuant to 42 U.S.C. § 1983, seeking relief for alleged constitutional violations at his facility and in the state court. (Dkt. 1). The defendants are Kyle Waters, Sequoyah County District Judge; Stacy Slaughter, Sequoyah County District Attorney; the Sequoyah County Jail; and Jeremy Day, Jail Administrator. Plaintiff is seeking monetary and injunctive relief.

**I.      Screening/Dismissal Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B).

The pleading standard for all civil actions was articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The complaint also must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. *Id*. at 555-56.

"So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," the cause of action should be dismissed. *Id*. at 558. The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Fed. R. Civ. P. 12(b)(6) motions to dismiss for failure to state a claim. *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007). *See also Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013) (holding that § 1915A dismissals are reviewed under the Fed. R. Civ. P. 12(b)(6) standard for stating a claim for relief).

A pro se plaintiff's complaint must be broadly construed under this standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The generous construction given to the pro se litigant's allegations, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." *Id*. A reviewing court need not accept "mere conclusions characterizing pleaded facts." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990). Also, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**II.    Plaintiff's Claims**

    **A.    Claim One**

Plaintiff asserts in Claim One of the complaint that his constitutional rights were violated on February 28, 2020, when he bonded out on a charge of breaking and entering. When he appeared in the state district court, Defendant Judge Kyle Waters increased the charge to third degree burglary and stated Plaintiff had four warrants from previous charges which were dismissed for time served. Plaintiff contends this proceeding violated the prohibition against double jeopardy. (Dkt. 1 at 5).

    **B.    Claim Two**

Plaintiff alleges in Claim Two of the complaint that on February 28, 2020, and previous to

that date, he was wrongfully incarcerated for almost three years. He claims to have served time on most of his charges not just once, but twice. (Dkt. 1 at 5).

### C. Claim Three

Plaintiff next alleges that on February 28, 2020, and previous to that date, his attorney, Frank Sullivan, Jr., presented him in front of Judge Orendorff "for 'conflict of interest' on 'Waters.'" After many months of incarceration, a verdict was reached, however, the case allegedly was later dismissed for lack of evidence. (Dkt. 1 at 8)

### D. Claim Four

In Claim Four, Plaintiff asserts that on February 28 (no year listed, but assumed also to be 2020), his character was defamed by the publishing in newspapers and online about "how I wear different types of clothing containing my sexuallty" [sic]. He contends "it's a free country [and] people can wear what they please." (Dkt. 1 at 8).

### E. Claim Five

Plaintiff next claims that on February 28, 2020, the Sequoyah County Jail provided "bogus" information to the courts, allegedly resulting in his being held without bond for almost three years. (Dkt. 1 at 10).

### F. Claim Six

Plaintiff asserts in Claim Six that on May 14, 2024, and July 1, 2024, Defendant Jeremy Day, the jail administrator, failed to complete two *in forma pauperis* forms to support an affidavit. Plaintiff claims he has requests and grievances to support this claim. (Dkt. 1 at 10).

### G. Claim Seven

Finally, Plaintiff claims that on February 28, 2020 and earlier, he suffered pain and anguish for the almost three years he served in the Sequoyah County Jail. He states, "I beleave if had been properly worked through I would not been placed in any programs or probations. I suffered a lot of abuse wile incarcerated and have meny paper copys and on kiosk." (Dkt. 1 at 12) (spelling and syntax in original). (Dkt. 1 at 12).

### III.  Habeas Corpus Claims (Claims One, Two, Three, Five, and Seven)

Plaintiff's claims in Claims One, Two, Three, Five, and Seven concern his criminal proceedings and incarceration are not appropriate for this civil rights action. Such claims should have been raised in a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254 or 28 U.S.C. § 2241, after exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). A § 2254 petition challenges the validity of a conviction or sentence, and a § 2241 petition attacks the execution of a sentence rather than it validity. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000).

Further, to the extent Plaintiff seeks compensatory damages for his alleged unconstitutional incarceration, he first must prove his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (citing 28 U.S.C. § 2254). When judgment for a plaintiff in a § 1983 suit "would necessarily imply the invalidity of his conviction or sentence, . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id*.

Because Plaintiff has improperly presented claims that are not appropriate for this section 1983 action, Claims One, Two, Three, Five, and Seven are dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1); 28 U.S.C. § 1915(e)(2)(B)(ii).

### IV.  Statute of Limitations and Improper Defendants (Claim Four)

Plaintiff alleges in Claim Four that on February 28, he was defamed by the publishing in newspapers and online about the types of clothing he wears related to his sexuality. While he does not state a year for this incident, it appears to have occurred in 2020. If that is the case, the claim is barred by the two-year statute of limitations on civil rights claims in Oklahoma.

"Federal law controls questions relating to accrual of federal causes of action. A civil rights action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the

4

action." *Baker v. Bd. of Regents*, 991 F.2d 628, 632 (10th Cir. 1993) (citations omitted). *See also Indus. Constructors Corp. v. United States Bureau of Reclamation*, 15 F.3d 963, 969 (10th Cir. 1994). In particular, "[a] civil rights action accrues when facts that would support a cause of action are or should be apparent." *Fratus v. Deland*, 49 F.3d 673, 675 (10th Cir. 1995) (citations and internal quotations omitted). *See also Alexander v. Oklahoma*, 382 F.3d 1206, 1215 (10th Cir. 2004), *cert. denied*, 544 U.S. 1044 (2005).

State law controls the determination of the statute of limitations and the application of tolling in a federal civil rights action. *Board of Regents of Univ. of State of N. Y. v. Tomanio*, 446 U.S. 478, 485 (1980). The statute of limitations for a civil rights cause of action in Oklahoma is two years. *Meade v. Grubbs*, 841 F.2d 1512, 1522 (10th Cir. 1988), *abrogated on other grounds as recognized by Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760 (10th Cir. 2013); Okla. Stat. tit. 12, § 95(A)(3).

If the alleged incident occurred on February 28, 2020, his claim should have been apparent on that date. Absent tolling, the limitation period for this claim expired two years later on February 28, 2022. Plaintiff asserts he placed his complaint in the jail's legal mail system on August 7, 2024, more than two years after his filing deadline had passed. (Dkt. 1 at 13).[1]

"[W]hen the dates given in the complaint make clear that the right sued upon has been extinguished, the plaintiff has the burden of establishing a factual basis for tolling the statute." *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980) (citations omitted). Plaintiff's complaint, however, does not offer a basis for tolling the statute of limitations.

Even if this claim had been timely filed, Plaintiff has alleged no facts indicating a proper defendant was named. He names the "Sequoyah County Courts and Jail" as defendants, however, neither is a "person" under section 1983. "To state a claim under § 1983, a plaintiff must allege the

---

[1] "An inmate who places a federal civil rights complaint in the prison's internal mail system will be treated as having 'filed' that complaint on the date it is given to prison authorities for mailing to the court." *Price v. Philpot*, 420 F.3d 1158, 1165 (10th Cir. 2005) (citing *Houston v. Lack*, 487 U.S. 266, 276 (1988).

violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a *person* acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added). Neither the Sequoyah County Court nor the Sequoyah County Jail is a "person." Therefore, the Court finds Claim Four must be dismissed for Plaintiff's failure to state a claim u upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1); 28 U.S.C. § 1915(e)(2)(B)(ii).

## V.   Access to the Courts (Claim Six)

As set forth above, Plaintiff asserts in Claim Six of the complaint that on May 14, 2024, and July 1, 2024, Defendant Jeremy Day, failed to complete two *in forma pauperis* forms to support an affidavit in this Court's Case No. CIV 24-169-JFH-DES. (Dkt. 1 at 12, 15-18). The record shows that Case No. CIV 24-169-JFH-DES was dismissed without prejudice on June 11, 2024.

Construing Plaintiff's allegations liberally, *Haines*, 404 U.S. at 520-21, the Court finds Plaintiff is raising a claim of denial of access to the courts under the Eighth Amendment. To have standing to raise a claim of denial of access to the courts, a prisoner must demonstrate actual injury. *Lewis v. Casey*, 518 U.S. 343, 350-51 (1996). "To do so, he must show that any denial or delay of access to the court prejudiced him in pursuing litigation." *Treff v. Galetka*, 74 F.3d 191, 194 (10th Cir. 1996).

According to the docket sheet for this Court's Case No. CIV 24-169-JFH-DES, on May 13, 2024, the Court mailed an Order to Plaintiff, directing him to submit a Statement of Institutional Accounts by May 27, 2024. (Dkt. 1 at 17-18). On May 30, 2024, however, the mail from the Court was returned to the Court as undeliverable. *Id*. at 18. Consequently, Case No. CIV 24-169-JFH-DES was dismissed on June 11, 2024, for Plaintiff's failure to prosecute. *Id.* There is no indication that Plaintiff's constitutional rights were violated by Defendant Jeremy Day, or that Defendant Day had any involvement in processing Plaintiff's *in forma pauperis* motion. Because a plaintiff must show that a defendant personally participated in an alleged civil rights violation, *see Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996), Claim Six is dismissed from this action for

Plaintiff's failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1); 28 U.S.C. § 1915(e)(2)(B)(ii).

**ACCORDINGLY,**

1. Plaintiff's claims are dismissed for failure to state a claim upon which relief may be granted.

2. This action is dismissed in its entirety.

**IT IS SO ORDERED** this 25th day of October 2024.

Ronald A. White
United States District Judge
Eastern District of Oklahoma